No. 726
KERNS v. GOODMAN
Ohio Appeals, 4th Dist., Ross County
No. 18763. Decided Jan. 18, 1924

480. EVIDENCE.

Permitting defendant to testify to items of lost book account where opposing party objects thereto, held improper.

BY THE COURT.        Epitomized Opinion
Published Only in Ohio Law Abstract

Goodman brought an action in the Common Pleas to recover judgment on a promissory note for $600 and interest. The action was brought by Claude Goodman, administrator of the estate of James Goodman. The defendant pleaded payment of the note and set up a counterclaim for $1,586.27 as an amount due on the account. The plaintiff filed a denial to the counterclaim. During the trial, the court permitted the defendant to testify as to the contents of a lost and destroyed book account over the objection of the plaintiff. The jury returned a verdict for defendant in the sum of $1,786 27. Error was prosecuted. In reversing the judgment of the lower court, the Court of Appeals held:

That the lower court committed prejudicial error in permitting the defendant to testify as to the amount of the debits and credits in a lost and destroyed book account, over the objection of plaintiff.

Attorneys—F. N. R. Redfern and Luther B. Yaple, for Kerns; of Chillicothe.

---

No. 727
SHY v. STATE
Ohio Appeals, 2nd Dist., Clark County
Decided March 23, 1922

661. INTOXICATING LIQUORS.

1. Possession of property suitable for the manufacture of intoxicating liquor held not to raise presumption of use for illegal purpose.

2. Sale of component parts of still held illegal where seller knowingly offers them for illegal purposes.

KUNKLE, J.        Epitomized Opinion
Published Only in Ohio Law Abstract

Shy was charged, tried and convicted of a violation of the Crabbe Act, 6212-16 GC., which provides that "it shall be unlawful to have or possess any liquor, or property designed for the manufacture of liquor, intended for use in violation of law." The accused had in his possession certain copper cans which he was selling. The state officer purchased from the defendant's store a copper tank, together with other fixtures for a still, although the outfit purchased did not constitute a complete still. At the time the purchase was made the defendant told one of the state officers, in answer to an inquiry, that the can was suitable for still and that a certain amount of whiskey could be made at each boiling. The defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The mere possession of articles in a stock of merchandise which are capable of legitimate use would afford no presumption of a design or intent on the part of the possessor thereof to dispose of the same for an illegal purpose.

2. But, where a possessor actually designs and intends to dispose of said property as component parts of a still for the manufacture of intoxicating liquor and knowingly offers the same for sale for such purposes, then the possession of such articles becomes illegal.

Attorneys—Zimmerman, Zimmerman & Zimmerman, for Shy; Donald Kirkpatrick, J. A. White and Charles M. Eearhart, for State; all of Springfield.